UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

RICHELL GONZALEZ, an individual,

    Plaintiff,

v.

ACE TRANSPORT MIAMI LLC, a Florida Limited Liability Company, 12351 HOLDINGS LLC, a Florida Limited Liability Company, and RODOLFO ALVAREZ, individually,

    Defendants.
_____/

## **COMPLAINT**

    1.    Plaintiff, RICHELL GONZALEZ (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

    2.    Defendants, ACE TRANSPORT MIAMI LLC, a Florida Limited Liability Company, 12351 HOLDINGS LLC, a Florida Limited Liability Company, and RODOLFO ALVAREZ, individually (collectively referred to as "Defendants"), have at all times material to this Complaint owned and operated transportation & logistics services business based at 10901 NW 146th Street, Suite 1, Hialeah, Florida 33018 in Miami-Dade County.

    3.    At all times material to this Complaint, Defendants, ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, Defendants, ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because each, respective

1

division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff.  As a second alternative, Defendants, EN ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff.  As a final alternative, Defendants, ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

4. Defendant, RODOLFO ALVAREZ, at all times material to this Complaint owned and managed ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC and Defendant ALVAREZ regularly exercised the authority to hire and fire employees including Plaintiff, determined the manner in which Plaintiff and other employees were compensated, determined how Plaintiff and other employees' hours worked were tracked or recorded, set the rates of pay of Plaintiff and other employees, and/or controlled the finances and day-to-day management operations of ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC.  By virtue of such control and authority, Defendant ALVAREZ is an employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

5. Plaintiff brings this action against Defendants for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act, 29 U.S.C. §216(b).

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7. A substantial part of the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

8. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC employed two (2) or more employees who, *inter alia*, regularly: (a) worked with Defendants' customers and vendors, as well as insurance carriers who provided insurance for drivers, including drivers from (but not limited to), for example, Texas and Tennessee, as well as other locations outside the State of Florida; (b) handled and worked with office equipment such as computers and telephones, as well as supplies such as paper, pens, U.S. Postal Service & FedEx shipping materials, all of which were goods and/or materials moved in or produced for commerce; and (c) processed credit card, debit card, and/or electronic bank or other electronic financial and/or transfer payments through banks and/or merchant services companies.

9. Based upon information and belief, the annual gross sales volume of ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC was in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

10. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, ACE TRANSPORT MIAMI LLC and 12351 HOLDINGS LLC constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. In approximately November 2019, Defendants hired Plaintiff to work as an Administrative Assistant based upon gross weekly wages of $500.00/week for Forty (40) hours of work per week and reporting directly to Defendant ALVAREZ.

12. Throughout the three (3) year statute of limitations period between November 2019 and February 2020, Plaintiff's primary duties as an Administrative Assistant for Defendants consisted of the following non-exempt tasks: (a) receiving and inputting payments Defendants received and tracking rented-parking spaces for truck and trailer rentals; (b) processing background and hiring paperwork for drivers hired and contracted by Defendants; (c) data entry, updating Defendants' "master" list, and working with Excel spreadsheets and weekly SunPass reports; and (d) carrying out all office support work directed by and needed to assist Defendant ALVAREZ.

13. The primary job duties Plaintiff performed for Defendants during the statute of limitations period between November 2019 and February 2020 as an Administrative Assistant *did not* involve the exercise of independent judgment nor were Plaintiff's primary duties complex administrative tasks that involved exercising discretion for Defendants' general business operations.

14. Likewise, the primary duties Plaintiff performed for Defendants between November 2019 and February 2020 required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise of independent judgment

4

with respect to matters of significance in the operation of Defendants' administration or production operations.

15. Instead, throughout the course of Plaintiff's employment as an Administrative Assistant for Defendants between November 2019 and February 2020, Plaintiff devoted the majority of her working time for Defendants each week to performing non-exempt ministerial, clerical and customer service tasks for Defendants' transportation & logistics services business.

16. Finally, the primary duties of Plaintiff for Defendants during the three (3) year statute of limitations period between November 2019 and February 2020 as an Administrative Assistant *was not* management of Defendants' office or any department(s) within the office or Defendants' business overall, and Plaintiff had no authority for and *did not* regularly interview, hire, discipline, or fire employees of Defendants.

17. During the three (3) year statute of limitations period between November 2019 and February 2020, Plaintiff regularly worked for Defendants as an Administrative Assistant an average of Five (5) days per week with start times of between approximately 7:00-8:00 a.m. and stop times of between approximately 6:00-6:30 p.m. (with a few instances as late as 7:00 p.m.), regularly averaging approximately Fifty (50) hours per week.

18. However, Defendants failed to pay Plaintiff time and one-half wages for all of the hours she worked in excess of Forty (40) hours per week for Defendants in numerous work weeks during the three (3) year statute of limitations period between November 2019 and February 2020 present as required by the Fair Labor Standards Act, with Defendants, instead misclassifying Plaintiff as exempt from the FLSA's overtime compensation requirements despite Plaintiff's primary duties being non-exempt in nature and Defendants paying Plaintiff salaried wages for Forty (40) hours of work per week between November 2019 and February 2020 without time and

one-half compensation for the overtime hours Plaintiff regularly worked for Defendants.

19. Subject to discovery, based upon Defendants initially paying Plaintiff average gross weekly wages of approximately $500.00/week for Forty (40) hours of work per week—and subsequently paying Plaintiff average gross weekly wages of approximately $625.00/week for Forty (40) hours of work per week—and Plaintiff being owed an average of approximately Ten (10) uncompensated overtime hours per week from Defendants during a total of approximately Eleven (11) work weeks between November 2019 and February 2020, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rates of $18.75/hour [$500/40 hours = $12.50/hour x 1.5 = $18.75/hour] and $23.44/hour [$625/40 hours = $15.63/hour x 1.5 = $23.44/hour], Plaintiff's unpaid overtime wages total approximately **$2,343.75** [($18.75/hour x 10 OT hours/week x 5 weeks = $937.50) + ($23.44/hour x 10 OT hours/week x 6 weeks = $1,406.25) = $2,343.75].

20. Based upon information and belief, Defendants failed to maintain accurate records of Plaintiff's actual start times, stop times, number of hours worked each day, and total hours actually worked each week during the three (3) year statute of limitations period between November 2019 and February 2020 as required by the FLSA, 29 C.F.R. §516.2(a)(7).

21. Nonetheless, Defendants had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff as an Administrative Assistant during each week between November 2019 and February 2020 but Defendants willfully failed to compensate Plaintiff for all of her actual overtime hours worked for Defendants, instead accepting the benefits of the work performed by Plaintiff without the overtime compensation required by the FLSA, 29 U.S.C. §207.

22. The complete records reflecting the compensation paid by Defendants to Plaintiff each week while in the Administrative Assistant position between November 2019 and February

2020 are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

23. Plaintiff, RICHELL GONZALEZ, readopts and realleges the allegations contained in Paragraphs 1 through 22 above.

24. Plaintiff is entitled to be paid time and one-half of her applicable regular rate(s) of pay for each hour she worked as an Administrative Assistant for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between November 2019 and February 2020.

25. Defendants knowingly and willfully failed to pay Plaintiff at time and one-half of her applicable regular rate(s) of pay for all hours Plaintiff worked for Defendants in excess of Forty (40) per week during the three (3) year statute of limitations period between November 2019 and February 2020.

26. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff with time and one-half wages for all of the actual overtime hours Plaintiff worked while in the position of Administrative Assistant for Defendants during the statute of limitations period between November 2019 and February 2020 based upon, *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew had been worked for the benefit of Defendants.

27. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages plus incurring costs and reasonable attorneys' fees.

28. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff as an Administrative Assistant, as a result of which Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

29. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

30. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, RICHELL GONZALEZ, demands judgment against Defendants, jointly and severally, ACE TRANSPORT MIAMI LLC, 12351 HOLDINGS LLC, and RODOLFO ALVAREZ, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: April 14, 2020	Respectfully submitted,

By:	**KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendants, **Ace Transport Miami LLC, 12351 Holdings LLC, and Rodolfo Alvarez**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*[signature]*
Richell Gonzalez (Apr 14, 2020)

**Richell Gonzalez**